**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Stephen Anthony GONSALVES, Defendant-Appellee.**

No. 80–1860.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1981.

Feb. 3, 1986.

# 1320

Lamond R. Mills, U.S. Atty., Las Vegas, Nev. (John F. De Pue, Atty., Crim. Div., Dept. of Justice, Washington, D.C., on brief), for plaintiff-appellant.

Richard P. Crane, Jr., Los Angeles, Cal., for defendant-appellee.

Before ANDERSON and NORRIS, Circuit Judges, and PECKHAM,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

## I. INTRODUCTION

Our original judgment in this case (691 F.2d 1310 (9th Cir.1982)) was vacated by the Supreme Court and remanded for further consideration in light of *United States v. Hasting,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). *United States v. Gonsalves,* 464 U.S. 806, 104 S.Ct. 54, 78 L.Ed.2d 73 (1983). The facts of this case are discussed at length in this court's earlier opinion and need not be repeated here. In our earlier opinion, we affirmed the district court's order dismissing the indictment against Gonsalves pursuant to the exercise of its supervisory powers. *Gonsalves,* 691 F.2d at 1311. We now reverse that order of dismissal on the ground that the dictates of *Hasting, as interpreted by this circuit,* have defined and limited the exercise and scope of a federal court's supervisory powers to very specific areas; not including the unmanageability or complexity of an indictment.

## II. DISCUSSION

 *Hasting* held, and all subsequent Ninth Circuit cases analyzing *Hasting* have consistently held, that the court's exercise of its supervisory power is limited to three specific areas: (1) to implement a remedy for a violation of recognized rights; (2) to preserve judicial integrity by ensuring that a criminal conviction rests on appropriate

considerations validly before the jury; and (3) to deter future illegal conduct.

In *U.S. v. Gatto,* 763 F.2d 1040 (9th Cir.1985), this court examined a district court's exercise of its supervisory powers to exclude evidence. This court specifically examined the vacated decision in *United States v. Gonsalves,* 691 F.2d 1310 (9th Cir.1982), *vacated* 464 U.S. 806, 104 S.Ct. 54, 78 L.Ed.2d 73 (1983). The court in *Gatto* held that because the *Gonsalves* case was vacated by the Supreme Court in light of *Hasting,* "our extensive discussion [on supervisory powers] was insufficiently sensitive to the power's limitations." *Gatto,* 763 F.2d at 1045. "In particular, the Supreme Court's action [in *Hasting*] calls into question the expansive supervisory discretion we attempted to derive from the supposed animating force of 'notions of fair play'." *Id.* This court further held that

> "[a]lthough the Supreme Court continues to recognize that lower federal courts enjoy supervisory power, it has circumscribed this power to the formulation of 'procedural *rules* not specifically required by the Constitution or the Congress.'" *Hasting,* 461 U.S. at 505, 103 S.Ct. at 1978 (emphasis added). In addition, it has never identified its source. *Beale, supra,* at 1434, 1462. It is clear, however, that the power has limits. *Hasting,* 461 U.S. at 505, 103 S.Ct. at 1978."

*Gatto,* 763 F.2d at 1045 (emphasis in original).

In *United States v. Ramirez,* 710 F.2d 535 (9th Cir.1983), this court examined an appellant's appeal to the supervisory power of the federal courts as an alternative ground for dismissal of his indictment. We held that "[i]n determining whether there was a sound basis for invoking the supervisory power we are guided by *United States v. Hasting* ... where the Supreme Court listed three purposes which may

---

* The Honorable Robert F. Peckham, United States District Judge, Northern District of California, sitting by designation.

properly underlie use of the power...." *Ramirez*, 710 F.2d at 541. This court then looked at the reason for requesting the dismissal of the indictment (law enforcement officials exceeded the bounds of permissible investigatory conduct) and said that the inquiry need go no further. Since none of the three purposes established by the Supreme Court would be furthered by the exercise of the supervisory power, it was not wrong to fail to invoke it. *Id.*[1]

It seems to be equally true in this case that none of the purposes established in *Hasting* would be furthered by the exercise of the court's supervisory powers based on the complexity or unmanageability of the indictment.

### III. CONCLUSION

In an *en banc* decision discussing supervisory powers, this court held that "[i]n some appeals from multiple count criminal convictions with concurrent sentences, the societal interests and those of the administration of justice may point towards the wisdom of dismissal of a count. But that can best be accommodated in our system by an appropriate policy instituted by the Department of Justice, not by the ad hoc actions of an appellate court." *United States v. De Bright*, 730 F.2d 1255, 1258 (9th Cir.1984). The same should be held to apply with equal force to the dismissal of an indictment due to alleged complexity and unmanageability.[2]

For the reasons given above, we REVERSE the action of the district court, reinstate the indictment, and remand for further proceedings.

1. Other cases in this circuit that have recognized that *Hasting* limits the ability of a federal court to use its supervisory powers are: *United States v. McClintock*, 748 F.2d 1278 (9th Cir.1984); and *United States v. De Bright*, 730 F.2d 1255 (9th Cir.1984). Additionally, without citing *Hasting*, we have expressly stated that this circuit narrowly construes the supervisory power of district courts over grand juries. *See In Re Grand Proceeding (Schofield)*, 721 F.2d 1221, 1222 n. 1 (9th Cir.1983).

2. We have every confidence that jurors are as capable to deal with complexities in criminal cases as they are in complex civil cases. *See e.g., In re U.S. Financial Securities Litigation*, 609 F.2d 411, 427–31 (9th Cir.1979), cert. denied, 446 U.S. 929, 100 S.Ct. 1866, 64 L.Ed.2d 281 (1980).