**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy Paul STRAYER,
Defendant–Appellant.**

**No. 87–1903.**

United States Court of Appeals,
Tenth Circuit.

May 19, 1988.

Michael E. Vigil of Marchiondo, Vigil & Voegler, Albuquerque, N.M., for defendant-appellant.

Robert J. Gorence, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Presiliano A. Torrez and Joe M. Romero, Jr., Asst. U.S. Attys., with him on the brief), Dist. of New Mexico, for plaintiff-appellee.

Before SEYMOUR and SETH, Circuit Judges, and O'CONNOR, District Judge.*

* Honorable Earl E. O'Connor, Chief Judge of the United States District Court for the District of Kansas, sitting by designation.

EARL E. O'CONNOR, District Judge.

Defendant Timothy Paul Strayer appeals from an amended judgment of conviction and sentence entered on June 17, 1987, in the United States District Court for the District of New Mexico. Strayer presents two issues on appeal. First, he contends that the district court erred in refusing to dismiss the indictment on which he plead guilty when a prior indictment containing substantially similar charges was dismissed without good cause on the government's motion. The appellant also contends that the trial court erred by requiring him to carry the burden of proving that certain statements in his presentence report were inaccurate. We find both contentions unmeritorious and therefore affirm.

## I.

On June 17, 1986, Strayer was indicted on one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and two counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. One month after the indictment was returned and before Strayer was arraigned, the government filed a one-page motion to dismiss the indictment; the only reason cited by the government was that "the interests of justice will best be served" by the dismissal. On July 21, 1986, the trial judge, in a brief order, granted the dismissal motion.

On September 12, 1986, a second indictment was returned against Strayer and three alleged co-conspirators. This indictment contained four counts: one conspiracy charge and three counts of possession of marijuana with the intent to distribute. The second indictment varied from the first in several important respects. The second indictment named not only Strayer, but also three other co-conspirators. It also listed numerous overt acts allegedly committed by the four men in furtherance of the conspiracy. Finally, it contained a third possession charge against the defendant.

Strayer subsequently filed a motion to dismiss the second indictment. In his motion, Strayer contended that the government and the trial court failed to comply with Rule 48(a) of the Federal Rules of Criminal Procedure by dismissing the first indictment without good cause. For this reason, appellant argued that *United States v. Derr*, 726 F.2d 617 (10th Cir.1984) mandated dismissal. An evidentiary hearing was held on this motion on December 19, 1986. At the hearing, the government specified its grounds for dismissal of the original indictment. The government indicated that the first indictment was faultily drafted in that it alleged that Strayer had conspired with his aliases[1] and had failed to name the other conspirators. The court agreed that the initial indictment was defective, and that the *Derr* case, on which appellant relied, was distinguishable. Unlike *Derr*, the government had shown good cause for dismissing the initial indictment against Strayer. Consequently, Strayer's motion to dismiss the indictment was denied. (Rec., Vol. III, p. 257).

On March 25, 1987, defendant entered an unconditional plea of guilty to Count III of a superseding indictment charging him with possession with intent to distribute marijuana and to a separate information charging him as an accessory after the fact in violation of 18 U.S.C. § 3. The court ordered a presentence investigation and report. Upon completion of the presentence report, Strayer filed two motions to correct the report; he claimed that certain portions of the report were inaccurate, based on unreliable hearsay information, and extremely prejudicial. At a sentencing hearing on June 12, 1987, the trial judge asked Strayer's counsel to use a yellow pen to highlight those portions of the presentence report which were allegedly inaccurate. The court also inquired whether Strayer would testify or present other evidence es-

---

1. The Count I of the original indictment stated: "Beginning on or before August 27, 1984, ... the defendant, TIMOTHY PAUL STRAYER aka TIM RYAN aka MARCO ROMAN, unlawfully, willful-ly, knowingly and intentionally, combined, conspired, confederated, and agreed together with one another and with diverse other persons whose names are unknown...."

tablishing the inaccuracy of the challenged information. A brief discussion regarding the burden of proving the inaccuracies took place between the court and counsel (Rec., Vol. IV, pp. 8–11).

Before passing sentence, the court, on two separate occasions, stated that it would not consider those portions of the report which purportedly contained inaccurate information (Rec., Vol. IV, pp. 15, 21). The court then sentenced Strayer to five years on Count III, followed by a special parole term of ten years. Defendant was also sentenced to two and one-half years on the accessory charge. The sentences were ordered to run consecutively. An amended order clarifying the original judgment was entered on June 17, 1987. Strayer then filed this appeal.

## II.

■ As his first assignment of error, Strayer claims that the district court erred in denying his motion to dismiss the September 12, 1986, indictment. In reviewing a trial court's order granting or denying a motion to dismiss an indictment, the appellate court can only reverse if the lower court abused its discretion. *United States v. Derr*, 726 F.2d 617, 619 (10th Cir.1984).

■ Appellant contends that the *Derr* decision required the trial court to dismiss the second indictment because the government and the court failed to comply with Rule 48(a) of the Federal Rules of Criminal Procedure when the first indictment was dismissed. Rule 48(a) provides, in pertinent part: "[T]he United States Attorney may *by leave of the court* file a dismissal of an indictment ... and the prosecution shall thereupon terminate." Fed.R.Crim.P. 48(a) (emphasis added). Requiring the government to obtain leave of the court to dismiss an indictment serves two purposes. The primary purpose is to protect a criminal defendant from prosecutorial harassment. *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir.1985) (citing *Rinaldi v. United States*, 434 U.S. 22, 31, 98 S.Ct. 81, 86, 54 L.Ed.2d 207 (1977) (per curiam)). Courts have recognized that a prosecutor can abuse his powers and ha-

rass a defendant by repetitively filing, dismissing and recharging him with a crime. *Rinaldi v. United States*, 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15; *United States v. Derr*, 726 F.2d at 619. The rule is also intended to allow courts to consider public interest, fair administration of criminal justice and preservation of judicial integrity when evaluating motions to dismiss. *United States v. Carrigan*, 778 F.2d at 1463; *see also United States v. Gonsalves*, 781 F.2d 1319, 1320 (9th Cir.1986).

■ In the instant case, Strayer was indicted by the grand jury on June 17, 1986. The government's motion to dismiss was filed shortly thereafter; however, the motion was supported only by a broad "interest of justice" rationale. The general rule under Rule 48(a) is that the district court should grant a prosecutor's motion to dismiss unless dismissal is "clearly contrary to manifest public interest." *Id.* In order to carry out the purposes of the rule, the trial court must be informed of the prosecutor's reasons for dismissing the indictment and the factual basis for the prosecutor's decision. *United States v. Derr*, 726 F.2d 617, 619 (10th Cir.1984).

In *Derr*, this court recognized limits to a prosecutor's ability to dismiss an indictment and then reindict the defendant. There, the defendant had been indicted in May of 1980 on six counts of bank embezzlement and on six counts of making false entries in bank accounts. On the day trial was to commence, the government moved to dismiss the indictment under Rule 48(a). The only reason for dismissal cited by the government was that it would "best meet the ends of justice." The district court dismissed the indictment, over defendant's objections, without further inquiry. *Derr*, 726 F.2d at 618.

More than two years later, the defendant was indicted a second time for the same conduct. The charges in the second indictment were identical to those included in the original indictment. The defendant moved to dismiss the second indictment on the ground that the court had erred in dismissing the original charges without prejudice.

The trial court granted the motion, finding that it had abused its discretion in dismissing the earlier indictment "without receiving the factual basis therefor." The government appealed the dismissal order, contending that Rule 48(a) did not require the prosecutor to state reasons for the dismissal. *Id.* at 618–19.

On appeal, this court held that the dismissal of the second indictment was not an abuse of discretion. We concluded that the remedy applied by the lower court was "proper under the circumstances of this case." *Id.* at 619. The prosecutor had only given a vague reason requesting the dismissal of the first indictment. Furthermore, the motion was made over the defendant's objection on the day trial was scheduled to begin. We reasoned that: "[I]f the trial court had initially ruled correctly and refused to dismiss the original indictment, the government's only alternatives would have been to try a case in which it was obviously unprepared to proceed or to move to dismiss the indictment with prejudice. Thus, we do not regard the trial court's remedy as unduly harsh." *Id.* at 619.

Strayer argues that our decision in *Derr* required the trial court to dismiss the second indictment against him. We disagree. First, *Derr* did not *mandate* dismissal of subsequent indictments; we merely determined that the trial court did not abuse its discretion in granting the motion to dismiss. In addition, our holding on the remedy in *Derr* was clearly limited to its particular facts and circumstances.

■ In the case now before us, the facts are much less compelling than in *Derr*. Here, the government moved to dismiss the charges before defendant was even arraigned. Strayer was almost immediately reindicted by an indictment containing a new charge, the names of co-conspirators and detailed allegations of overt acts. Additionally, the trial court found the government's reasons for dismissal of the first

indictment, although not articulated until the hearing, were valid and that the dismissal was justified. Unlike in *Derr*, the government's conduct does not reflect an abuse of prosecutorial authority or harassment of the defendant. Therefore, we find that the lower court did not abuse its discretion in denying the defendant's motion to dismiss the September 12, 1986, indictment.

In light of the discussion above, we need not address the government's argument that Strayer waived any objection to the second indictment by entering an unconditional plea of guilty to one of the charges.

### III.

Strayer's second point on appeal pertains to purported inaccuracies contained in his presentence report. He contends that the lower court committed reversible error by requiring him to carry the burden of proving the inaccuracies in the presentence report. Strayer asks this court to vacate his sentence and remand the case to the district court for resentencing based on a corrected presentence report.

Rule 32 of the Federal Rules of Criminal Procedure governs the preparation and use of presentence reports in federal criminal proceedings. This rule requires the probation office to develop a presentence report which contains: "(A) any prior criminal record of the defendant; .... (D) any other information that may aid the court in sentencing, including the restitution needs of any victim of the offense." Rule 32(c)(2). The statute permits federal courts to consider an extremely wide range of information pertaining to a convicted defendant. 18 U.S.C. § 3577.[2] The purpose of allowing such broad latitude for information contained in the report is to insure that the court has a thorough description of the defendant's background before imposing sentence. *United States v. Graves*, 785 F.2d 870, 872 (10th Cir.1986).

---

**2.** 18 U.S.C. § 3577 provides: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

As a general rule, the court has considerable discretion in determining what information it will take into account in imposing sentence. *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). This discretion, however, is not unlimited. It is conditioned in at least two ways: "(1) a defendant has a due process right to have his or her sentence based on accurate information, and (2) in limited cases certain information linked to the denial of a constitutional right cannot form the basis for sentencing." *United States v. Graves,* 785 F.2d at 872; *United States v. Jones,* 640 F.2d 284, 286 (10th Cir.1981).

The due process problem was addressed in the 1983 amendments to Rule 32 by the addition of a new subsection which specifically pertains to allegations of inaccurate information in the reports. The sentencing court is now given two options when the defendant alleges any factual inaccuracy. The court must either: (1) make a specific finding on the record concerning the disputed information; or (2) make a determination on the record that the contested matter will not be considered in determining the sentence. Fed.R.Crim.P. 32(c)(3)(D); *see also United States v. Golightly,* 811 F.2d 1366, 1367 (10th Cir.1987). This new provision also recognizes that the presentence report is regularly used by the Bureau of Prisons and the Parole Commission. *See* 1983 Amendment Committee Notes, Fed.R.Crim.P. 32. Consequently, Rule 32(c)(3)(D) requires that a written record of the court's findings or determinations be attached to the presentence report before it is made available to prison or parole authorities.

Nothing in the record before this court indicates that the trial judge failed to satisfy the requirements of Rule 32(c)(3)(D).[3] The transcript of the sentencing hearing shows that the judge, on two separate occasions, unequivocally stated that he would not consider the alleged inaccurate factual statements in the report. (Rec., Vol. IV, pp. 15, 21.) Furthermore, nothing in the record shows that the sentencing court failed to append a written determination to the report.[4]

The record clearly shows that the trial court disregarded those portions of appellant's presentence report which purportedly contained inaccurate information. Thus, it is irrelevant on which party the trial court imposed the burden of proving the accuracy or inaccuracy of the information.[5]

AFFIRMED.

---

3. The defendant asserts in his reply brief that the trial court failed to comply with Rule 32(c)(2)(D). However, he points to nothing in the record on appeal which supports this claim.

4. Even if the lower court inadvertently failed to fulfill this latter requirement, resentencing would not necessarily be required for such a technical violation. *See United States v. Peterman,* 841 F.2d 1474 (10th Cir.1988); *see also United States v. Castillo–Roman,* 774 F.2d 1280, 1284–85 (5th Cir.1985).

5. Courts appear to be split when addressing the issue of which party carries the burden of proof when a defendant challenges the accuracy of information in the presentence report. *United States v. Lee,* 818 F.2d 1052 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987) (government has the burden of persuasion in assuring that information contained in presentence report is accurate); *United States v. Weston,* 448 F.2d 626 (9th Cir.1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972) (a sentence cannot be predicated on information in presentence report unless it is amplified by persuasive corroborating information). *But see United States v. Tooker,* 747 F.2d 975 (5th Cir.1984), *cert. denied,* 471 U.S. 1021, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985) (defendant challenging sentence must show that information in presentence report was materially inaccurate and that judge relied on information) (Rule 35 motion); *United States v. Darby,* 744 F.2d 1508 (11th Cir.1984) (whether information in the presentence report was inaccurate was not clear since the defendant offered no additional evidence to refute the factual assertions).