**UNITED STATES of America, Plaintiff,**

**v.**

**Irving S. ROSSOFF, Defendant.**

**No. 91–30053.**

United States District Court,
C.D. Illinois,
Springfield Division.

Nov. 13, 1992.

Patrick J. Chesley, Asst. U.S. Atty., Springfield, Ill., Henry LaHaie, William Zoffer, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Ronald Spears, Thomas W. Lacy, Taylorville, Ill., for defendant.

## OPINION

RICHARD MILLS, District Judge:

Two criminal jury trials—two hung juries—coupled with not guilty verdicts on some of the counts.

Should this Court put an end to this criminal prosecution?

Yes.

Defendant moves for judgment of acquittal.

The Government opposes, but moves for dismissal *without* prejudice, which in turn, is opposed by the Defendant.

The Court will do neither.

The Court dismisses the remaining five counts *with* prejudice.

## I. BACKGROUND

The Food and Drug Administration (FDA) is charged with the responsibility of protecting the health and safety of the American public by ensuring that drugs used for the diagnosis, cure, mitigation, treatment, or prevention of disease in animals are safe and effective. However, as the Seventh Circuit has noted, there are no effective drugs approved by the FDA to combat significant animal diseases. *United States v. 9/1 KG Containers*, 854 F.2d 173 (7th Cir.1988). For years, the FDA looked the other way while veterinarians mixed their own general anesthetic for use in field surgery on food animals, and drugs to fight diseases such as salmonella and acute mastitis. *9/1 KG Containers*, 854 F.2d at 175. In order to mix these drugs, veterinarians purchased the active ingredients from others engaged in the sale of bulk drugs. *9/1 KG Containers*, 854 F.2d at 175.

Before 1988, there were no court decisions interpreting the FDA's regulations concerning the sale of bulk animal drugs which determined that such sales were illegal. In fact, in 1987, this Court was the first to render a related decision, finding bulk drugs supplied to veterinarians for use within the scope of their practice were exempt from condemnation. *United States v. 9/1 KG Containers*, 674 F.Supp. 1344 (C.D.Ill.1987). However, the reviewing court did not agree and that decision was reversed by the Seventh Circuit in *9/1 KG Containers*, 854 F.2d 173. Consequently, the door was opened for the FDA to begin civil and criminal prosecutions against the sellers of bulk animal drugs used in mixtures not approved by the FDA.

## II. FACTS

Dr. Irving Rossoff, the defendant here, holds a Doctor of Veterinary Medicine degree from Cornell University, is a practicing veterinarian licensed in Illinois, and is a seller of bulk animal drugs. In July of 1991, the Government brought a thirteen count indictment against Dr. Rossoff charging him with:

Count 1.—conspiracy to introduce illegally imported animal drugs into the stream of commerce;

Counts 2–6.—receiving, buying, selling, and facilitating the transportation and sale of merchandise after importation contrary to law;

Counts 7–11.—misbranding drugs;

Counts 12–13.—making false statements.

Dr. Rossoff was first tried in March, 1992, and after a three week trial, the jury was unable to reach a unanimous verdict on any count. The jury was hung and a mistrial was declared. With permission of the Court, counsel interviewed the jurors and found that the final votes on the respective counts were: Count 1, 11–1 Not Guilty; Count 2, 10–2 Not Guilty; Count 3, 10–2 Not Guilty; Count 4, 10–2 Not Guilty; Count 5, 11–1 Not Guilty; Count 6, 9–3 Guilty; Count 7, 8–4 Not Guilty; Count 8, 8–4 Not Guilty; Count 9, 6–6; Count 10, 7–5 Not Guilty; Count 11, 7–5 Not Guilty; Count 12, 7–5 Not Guilty; and Count 13, 8–4 Not Guilty.

The Government decided to retry Dr. Rossoff and on May 7, 1992, it filed an 8 count superseding indictment, eliminating 5 of the original counts. A second trial began on August 10, 1992 and took seven full days. After two days of deliberation, the jury reached a unanimous verdict of Not Guilty on three counts and hung on the remaining five. During deliberation, the jury's foreman sent a note stating that they had discovered that one of the jurors was biased. The Court had the jurors sign the verdicts for the three counts (1, 2 and 5) on which they had unanimously agreed that Dr. Rossoff was Not Guilty. Of the remaining counts, Counts 3 and 4 charge Dr. Rossoff with introducing misbranded drugs into interstate commerce in Seneca, Kansas. Counts 6, 7 and 8 allege that Dr. Rossoff sent false invoices to veterinarians in Seneca, Kansas, and Algona and Washington, Iowa. On these five counts, the jury voted 11–1 Not Guilty with the allegedly biased juror being the sole Guilty vote.

Dr. Rossoff moved for judgment of acquittal on the grounds that: 1) the evidence was insufficient to sustain a conviction because for Counts 6–8 the Government failed to show the materiality of the allegedly false statements, and for Counts 3 and 4 the Government presented uncorroborated testimony concerning the misbranding of some chemicals; 2) fairness dictates acquittal since Dr. Rossoff has been tried twice; 3) a judgment of acquittal is not appealable; 4) if the Court had excused the allegedly biased juror, there would have been a unanimous verdict of Not Guilty by the remaining jurors on all counts.

The Government opposed the motion for judgment of acquittal, but moved to dismiss the remaining counts, without prejudice, because the juries were unable to reach unanimous verdicts, and "after due consideration, the United States has decided not to pursue further prosecution of the defendant on those charges which are now pending in this judicial district." Dr. Rossoff opposes the Government's motion for the reasons stated above and because he views the Government's motion as a "thinly veiled effort at forum shopping in which the Government, unsuccessful with two ju-

ries in Illinois, goes around the country to a chosen venue where it believes the jury or judge would be more receptive to its evidence."

## III. ANALYSIS

■ Under Rule 48, the Government may dismiss an indictment by leave of the court. *United States v. Olson*, 846 F.2d 1103 (7th Cir.1988). The primary purpose of the leave of court requirement is to protect the defendant's rights and to prevent harassment of a defendant by charging, dismissing and re-charging the defendant with a crime. *United States v. Olson*, 846 F.2d at 1113; *United States v. Salinas*, 693 F.2d 348 (5th Cir.1982); *United States v. Strayer*, 846 F.2d 1262 (10th Cir. 1988). The courts have recognized that prosecutors can abuse their powers and harass defendants by repetitively filing, dismissing and recharging defendants with crimes. *Strayer*, 846 F.2d at 1265; *Rinaldi v. United States*, 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). In determining whether to allow the dismissal, the court should inquire as to the good faith of the Government. If the court finds that the Government has offered a vague reason for its motion to dismiss an indictment without prejudice, it may dismiss the indictment with prejudice. *Strayer*, 846 F.2d at 1265; *United States v. Derr*, 726 F.2d 617 (10th Cir.1984).

■ Likewise, the court, in its discretion, may dismiss the indictment *with prejudice* if it determines that a retrial is against the concept of fundamental fairness. *United States v. Ingram*, 412 F.Supp. 384 (D.D.C. 1976). In determining whether a dismissal is warranted under these circumstances, the court should consider the strain on the defendant, that prosecutorial discretion in choosing to indict and proceed has resulted in multiple mistrials, that retrials tend to be unsatisfactory, that witnesses are subjected to repeated inconveniences by retrials, and the urgency of more significant court business. *Ingram*, at 385–86. In addition, the court should be mindful that if the trials have resulted in an indication of reasonable doubt in the minds of a substantial majority of the jury members who have heard the evidence, to permit a retrial is to

ignore the reasonable doubt standard. *Ingram,* at 386.

 The Court agrees with the reasoning of the *Ingram* opinion and believes that its principles are in like token applicable to this case. Dr. Rossoff is 71 years of age and in poor health. He has had heart surgery, suffers from severe anemia and at the time of the second trial was on experimental treatment. He has been under great physical and emotional strain as the result of these repeated trials and was even hospitalized immediately following the second trial. But, such health considerations alone would not be sufficient to warrant a dismissal of the indictment. Yet, this factor does not exist in a vacuum. It is coupled with these additional compelling circumstances: 1) the majority of jurors in both cases found Dr. Rossoff Not Guilty; 2) if not for the allegedly biased juror in the second trial, Dr. Rossoff would have been acquitted on all counts; 3) the two trials have taken over one solid month of the Court's time, and since the conclusion of the second trial, this Court's criminal case load has nearly tripled; 4) witnesses would be placed under great burden to be required to again travel to Illinois for this matter; and 5) the Government makes a somewhat vague statement that it does not wish to pursue its prosecution of Dr. Rossoff in this district.

All of these factors—in context—warrants the finding that the Government is not entitled to a dismissal without prejudice.

After considering the above mentioned factors, this Court finds that Dr. Rossoff is entitled to a final resolution of this case. Although the Court wishes to commend counsel on both sides of the case for their diligence and demeanor, the Court nevertheless concludes that the Government should not be given continued bites at the apple in the hopes that a conviction will eventually result.

## IV. CONCLUSION

*Ergo,* The Government's motion for dismissal of the remaining counts in the superseding indictment without prejudice is DENIED.

Defendant's motion for judgment of acquittal is DENIED.

Counts 3, 4, 6, 7 and 8 of the superseding indictment are DISMISSED WITH PREJUDICE.