**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee,

v.

WAYNE RICHARD GUNWALL,
　　　Defendant-Appellant.

No. 97-5108
(D.C. No. 96-CR-82-C)
(N.D. Okla.)

---

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee,

v.

KENNEY F. MOORE,
　　　Defendant-Appellant.

No. 97-5123
(D.C. No. 96-CR-82-1-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **MAGILL**,[†] and **KELLY**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[†] The Honorable Frank J. Magill, United States Circuit Judge, Eighth Circuit, sitting by designation.

Mr. Gunwall and Mr. Moore pled guilty to conspiracy to interfere with the administration of the internal revenue laws, 18 U.S.C. § 371 and 26 U.S.C. § 7212(a). Mr. Gunwall was sentenced to fifteen months in prison and three years supervised release. Mr. Moore was sentenced to twelve months and a day in prison, followed by two years of supervised release. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a); we affirm.

Mr. Moore and his wife accrued a substantial federal tax liability between 1978 and 1985. In 1986, a flood destroyed most of their assets and the assets of Mr. Moore's chiropractic practice. The Moores did not have flood insurance. Soon after the flood, the IRS began seizing their remaining assets. The Moores attended an "untax" seminar where they met Mr. Gunwall and learned how to harass IRS agents and prevent the seizure of their property. Before the date scheduled for the sale of the Moores' property, Mr. Moore and Mr. Gunwall filed with the county clerk fraudulent liens against the land of two IRS officers assigned to their case. The liens, one of which was also filed against an officer's wife, purported to show that the officers owed Mr. Moore and Mr. Gunwall $7,000,000. They also filed in the district court a "Citizens Warrant for Citizens Arrest," naming as "Arrestees" several IRS employees, a United States Bankruptcy Judge, the Solicitor General of the United States, a Department of Justice Tax Division lawyer, and the Comptroller of the Currency. At the IRS

sale, Mr. Gunwall and Mr. Moore handed a similar citizens arrest warrant to the presiding IRS officer, and gave potential bidders a warning that they could not legally buy the property being sold.

On the government's motion, the first indictment against Mr. Moore and Mr. Gunwall was dismissed without prejudice so that the government would not be required to reveal the existence of a wiretap involved in a separate investigation. Approximately six months later they were re-indicted. Mr. Gunwall chose to represent himself, and the court appointed standby counsel. Mr. Gunwall filed numerous motions on his own behalf, including six the morning his trial was scheduled to begin. Later the same morning Mr. Moore and Mr. Gunwall reached a plea agreement.

Mr. Gunwall appeals from his conviction and sentence, arguing the district court erred in (1) denying his motion to withdraw his guilty plea, (2) disallowing his untimely objections to the presentence investigation report, (3) ruling the objections were, in any case, without merit, (4) failing to rule on his motion to dismiss the indictment, and (5) failing to rule on his objections to the district court's jurisdiction. Mr. Moore appeals only his sentence, arguing the district court applied the wrong provision of the sentencing guidelines to his offense.

We review the district court's denial of Mr. Gunwall's motion to withdraw

his guilty plea for abuse of discretion. United States v. Killingsworth, 117 F.3d 1159, 1161 (10th Cir.), cert. denied, 118 S. Ct. 393 (1997). Under Fed. R. Crim. P. 32(e) the defendant bears the burden of showing a fair and just reason for the withdrawal of his plea. See United States v. Hyde, 117 S. Ct. 1630, 1631 (1997); United States v. Burger, 964 F.2d 1065, 1070-71 (10th Cir. 1992), cert. denied, 507 U.S. 1033 (1993). Mr. Gunwall claims he lacked the requisite criminal intent for the offense. However on three separate occasions—in his plea agreement, his petition to enter a plea, and in the plea colloquy—Mr. Gunwall admitted he was guilty of the conspiracy charged. He admitted specific facts sufficient to support a finding of guilt, and at the hearing on his motion to withdraw his plea, he confirmed that those admissions were truthful. See VI R. 15.

Mr. Gunwall also claims he was confused about the consequences of his plea in relation to the sentencing guidelines. We note that "dissatisfaction with the length of a sentence is an insufficient reason to withdraw a plea." United States v. Gordon, 4 F.3d 1567, 1573 (10th Cir. 1993), cert. denied, 510 U.S. 1184 (1994). Mr. Gunwall admitted he had been clearly told that the sentence that he might receive was within the sole discretion of the trial judge. He admitted no promises had been made to him about sentencing; he admitted knowing that the plea agreement stated in bold letters that sentencing was within the sole discretion of the court; and he admitted acknowledging to the court several times that he

- 4 -

understood this.

Mr. Gunwall also argues his lack of counsel provides a reason to withdraw his plea. Although he insisted on representing himself, Mr. Gunwall had the assistance of standby counsel from the time of his plea until sentencing. The court noted that a certificate of counsel had been submitted to the court at the change of plea, in which counsel stated the guilty plea was in accord with the facts his client related and with his advice to his client. See VI R. 26. Having considered the seven factors which should guide the trial court's discretion in withdrawal of pleas, see Killingsworth, 117 F.3d at 1161–62, we find no abuse.

Mr. Gunwall next argues the court abused its discretion in declining to consider untimely objections to the presentence investigation report which he adopted, the day before his sentencing, from Mr. Moore. Because we consider these objections below in our discussion of Mr. Moore's appeal, and conclude they are meritless, any error in declining to consider them was harmless. See United States v. Rios-Ramirez, 929 F.2d 563, 566 n.2 (10th Cir. 1991).

Mr. Gunwall next claims the court failed to rule on his pretrial motion to dismiss the indictment, in violation of Fed. R. Crim. P. 12(e), due process, and his right of access to the courts. He also claims the district court's failure to specifically rule on his motion affects the court's jurisdiction. Because he presents neither argument nor authority to support the due process, access-to-

courts, and jurisdiction assertions, he has waived them. See United States v. Hardwell, 80 F.3d 1471, 1492 (10th Cir.), rev'd in part on other grounds on reh'g in part, 88 F.3d 897 (10th Cir. 1996).

We review for abuse of discretion Mr. Gunwall's underlying claim that the district court should have granted his motion to dismiss the indictment. See United States v. Strayer, 846 F.2d 1262, 1265 (10th Cir. 1988). Mr. Gunwall relies on United States v. Derr, 726 F.2d 617 (10th Cir. 1984), arguing the trial court abused its discretion in granting the government's dismissal of the first indictment without prejudice and without requiring the government to state its reasons for the dismissal. He further argues, based on Derr, that the remedy for the allegedly improper first dismissal is dismissal of the second indictment. Derr, however, is distinguishable, and its remedy of dismissal of the second indictment has been limited to its facts. See Strayer, 846 F.2d at 1266. Derr was based in part on several circumstances not present in our case: the Derr record contained no reasons or facts explaining the first dismissal, the defendant had objected to the first dismissal, and the only reason for the government's dismissal on the morning of trial was that it was not ready. See Derr, 726 F.2d at 619. Here the government defends its lack of reasons in the first dismissal by invoking its need to protect the secrecy of the separate investigation.

In Strayer, on facts similar to ours, we held the trial court did not err in

denying a motion to dismiss, because the government's prior dismissal was justified and the defendant failed to object or to show abuse or harassment by the government in bringing and dismissing charges. See Strayer, 846 F.2d at 1266. In our case, likewise, the first dismissal was justified and Mr. Gunwall failed to object to it or to show bad faith. In these circumstances any failure to specifically rule on Mr. Gunwall's motion to dismiss was harmless error. See United States v. Palomares, 119 F.3d 556, 558-59 (7th Cir. 1997).

Mr. Gunwall next contends the court violated Fed. R. Crim. P. 12(e) and "implicated" his due process and access-to-courts rights by failing to rule on the wave of other motions he filed, some of which challenged the court's jurisdiction. The district court ruled that he had waived the issues in his motions by pleading guilty. The government concedes Mr. Gunwall did not waive legitimate objections to jurisdiction by pleading guilty, but argues any failure of the court to rule on the motions was harmless error.

The court entered a minute order September 19, 1996 overruling all objections to the authority of the court to proceed or of the United States to prosecute. After this, Mr. Gunwall filed a pleading with no title under the heading "Washitaw de Dugdahmoundyah International Natural Law Court." III R. doc. 45. The district court struck this pleading as having no basis in law or fact. Mr. Gunwall also complains the district court failed to rule on his pleadings

titled "Judicial Notice," I R. doc 67, "Motion & Notice for Recusal," I R. doc 71, "Motion to Dismiss based upon Denial of Due Process of Law," I R. doc. 72, "Notice of Requirements for Effective Assistance of Counsel," I R. doc. 73, "Motion to dismiss due to Lack of Venue and Original Jurisdiction," I R. doc. 74, "Motion for Evidentiary Hearing," I R. doc. 75, and "Petition for Declaratory Judgment," I R. doc 76. In those documents that do allude to jurisdiction, Mr. Gunwall claims to be a member of a sovereignty known as "Washitaw de Dugdahmoundyah" over which the government has no jurisdiction. The pleadings are frivolous and any failure to rule on them was harmless.

Mr. Gunwall and Mr. Moore both claim the court incorrectly applied USSG § 2J1.2 to their offense instead of § 2A2.4, which provides a lower base offense level. We review de novo questions of law regarding application of the sentencing guidelines, giving due deference to the trial court's application of the guidelines to the facts. See United States v. Farnsworth, 92 F.3d 1001, 1007, 1009 (10th Cir.), cert. denied, 117 S. Ct. 596 (1996).

Under USSG § 1B1.2(a), the district court should apply the guideline "most applicable to the offense of conviction . . . ." Mr. Gunwall and Mr. Moore argue that § 2A2.4, the guideline relating to attempts to obstruct or impede officers in the performance of their duties, is more applicable to their conspiracy offense than § 2J1.2, the guideline for obstruction of justice which the district court

applied. Mr. Gunwall and Mr. Moore conspired to violate 26 U.S.C. § 7212(a), which has two clauses. The first prohibits intimidating or impeding an officer of the United States acting in his official capacity; the second, known as the omnibus clause, prohibits obstructing or impeding the due administration of the internal revenue laws. Appendix A of the sentencing guidelines lists § 2A2.4 as the appropriate guideline for violation of the first clause of § 7212(a), and § 2J1.2 as the appropriate guideline for violation of the omnibus clause of § 7212(a).

The indictment count to which the defendants pled guilty charged conduct that violates both clauses of § 7212(a): conspiring to interfere with the administration of the internal revenue laws, and doing so by intimidating and harassing individual employees of the IRS. We see no reason why the clauses should be mutually exclusive. That is, even if we concede the defendants violated the first clause, so long as they also violated the omnibus clause, application of § 2J1.2 is appropriate. Cf. USSG § 1B1.2(a), (c) (instructing courts to use the guideline most applicable to the conduct charged in the count of conviction, but if a plea agreement stipulates to a more serious crime, to use the guideline most applicable to the more serious crime). The district court found that, among other things, the defendants "conspired and agreed together to interfere with the administration of internal revenue laws . . . ." IV R. 3 (Presentence Investigation Report); see VI R. 48 (adopting report as findings of the court). This finding is

not clear error.  Mr. Moore and Mr. Gunwall interfered with the administration of the laws in ways other than by harassing individual employees: they passed out warnings to potential bidders at the IRS sale; they filed a lien against the wife of one of the IRS agents; they filed with the court a "Citizens Warrant for Citizens Arrest," and served it on IRS personnel; and the district court found that Mr. Moore had sent a fraudulent $275,000 money order to the IRS purporting to pay off his tax liability.  Commentary to § 2J1.2 states, "Numerous offenses of varying seriousness may constitute obstruction of justice: using threats or force to intimidate or influence a . . . federal officer; [or] obstructing a civil or administrative proceeding . . . ."  USSG § 2J1.2 comment. (backg'd).  Mr. Moore and Mr. Gunwall did both.  We find no error in the district court's application of § 2J1.2.  See United States v. Van Krieken, 39 F.3d 227, 230–31 (9th Cir. 1994), cert. denied, 514 U.S. 1075 (1995).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge