2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Everett HUTCHINSON, Defendant-Appellant.
 No. 92-5168.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 Before KELLY and SETH, Circuit Judges, and KANE, District Judge*.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 An indictment was filed in the United States District Court for the Northern District of Oklahoma charging Defendant James Hutchinson with unlawful transportation in interstate commerce of stolen goods, namely a refrigerated trailer, in violation of 18 U.S.C. Sec. 2314. Defendant pled guilty but reserved the right to appeal the district court's denial of his motion to dismiss. Specifically, Defendant argues that the district court erred by denying his motion because a prior indictment charging him with the same illegal conduct was improperly dismissed without prejudice. We disagree.
 
 
 2
 On May 17, 1990, Federal Bureau of Investigation Agent Les Farris stopped Defendant on a highway in Oklahoma and impounded his truck and the refrigerated trailer that he was towing. Apparently, the trailer matched a description of a trailer known to Agent Farris to be stolen. While the truck and trailer were in the impound lot, Agent Farris inspected the vehicle identification number ("VIN") on the two VIN plates attached to the trailer in order to ascertain whether the VIN of the trailer towed by Defendant corresponded with the VIN of the stolen trailer. He noticed that the VIN plates were scratched and appeared to have been replaced. Based on this, Agent Farris deduced that the trailer was probably stolen and that it had been restamped with the VIN plates from another trailer.
 
 
 3
 On July 20, 1990, an indictment was filed against Defendant charging him with illegally transporting a stolen refrigerated trailer. A trial date was set for September 17, 1990. On September 4, 1990, the prosecutor filed a motion to dismiss without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, which permits dismissal of an indictment prior to trial by leave of court. At that time no reason was proffered by the Government supporting its motion to dismiss the indictment. The trial court granted the motion on September 10, 1990. However, Defendant's attorney was not notified until September 15, 1990, only two days before the trial. There is no evidence that Defendant was unwilling or unable to proceed to trial on the appointed date.
 
 
 4
 On September 13, 1990, after the case had been dismissed, Agent Farris removed the VIN plates from the refrigerated trailer in question and sent them to a FBI laboratory for analysis. On November 30, 1990, a lab report was prepared indicating that Defendant's fingerprint was found on the reverse side of one of the VIN plates which evidenced that Defendant had tampered with the plates.
 
 
 5
 Thereafter on March 6, 1991, Defendant was reindicted on the same charge as appeared in the original indictment. Defendant then filed a motion to dismiss claiming that the original indictment should have been dismissed with prejudice based on our holding in United States v. Derr, 726 F.2d 617 (10th Cir.).
 
 First indictment--July 20, 1990
 
 6
 United States' Motion to Dismiss--September 4, 1990
 
 Dismissed--September 10, 1990
 
 7
 VIN plates removed from trailer Reindicted March 6, 1991
 
 
 8
 At the evidentiary hearing on Defendant's motion to dismiss, the prosecutor claimed that the first case against Defendant was prosecutable based on the existing circumstantial evidence. However, the prosecutor sought dismissal of the original indictment because he recited in a later affidavit,
 
 
 9
 "it was necessary to obtain additional evidence, if possible, to connect the defendant directly to the refrigerated trailer at issue. In particular, I was interested in obtaining evidence which would have shown that the defendant ... was involved in renumbering the trailer."
 
 
 10
 Record on Appeal, Vol. I, Doc. 7 (Affidavit). In essence, the Government was arguing that dismissal had been appropriate because it then wanted to conduct a fingerprint analysis on the VIN plates in order to develop direct evidence demonstrating that Defendant stole the trailer or knew that it was stolen.
 
 
 11
 In its order denying Defendant's motion to dismiss, the district court determined that the Government's motion to dismiss the first indictment would be deemed as made over Defendant's objection since he was not provided notice, and that the Government's broad brush interest of justice justification later expressed was inadequate to support the first dismissal. See United States v. Welborn, 849 F.2d 980 (5th Cir.). The court continued by finding
 
 
 12
 "that the evidence shows that in the instant case there was an inordinate lag time in the development of [direct] evidence--even though that evidence was well within the purview of, and accessible to, the Government."
 
 
 13
 Record on Appeal, Vol. I, Doc. 19, at 1-2. Despite these findings, the court held that there was a justifiable reason for the first dismissal and therefore this case was distinguishable from Derr and Defendant's motion should be denied.
 
 
 14
 Defendant appeals the district court's decision, urging that this case is controlled by Derr and therefore his second indictment should have been dismissed because the Government failed to provide a legitimate reason supporting the Rule 48(a) dismissal of the original indictment without prejudice. The district court's order denying a motion to dismiss and indictment is reviewable for abuse of discretion. It is obvious that the circumstances before us must be compared to Derr.
 
 
 15
 United States v. Derr, 726 F.2d 617 (10th Cir.)
 
 
 16
 In Derr a twelve-count indictment was filed against the defendant in May 1980. On June 23, 1980, the day the trial was to commence, the government moved to dismiss the indictment without prejudice pursuant to Rule 48(a), stating only that dismissal would "best meet the ends of justice." Over defendant Derr's objections that she was prepared for trial and that the government failed to allege a legitimate justification, the district court granted the motion. On November 1, 1982, defendant was reindicted on the twelve counts as previously charged in the first indictment. The defendant then filed a motion to dismiss claiming that the trial court erred in dismissing the original indictment without prejudice because the government failed to articulate sufficient justifications for dismissal.
 
 
 17
 At the evidentiary hearing in Derr to consider defendant's motion to dismiss, the prosecutor explained that he sought the Rule 48(a) dismissal of the original indictment because he "was dissatisfied with the state of the investigation and the state the charges were in. So, we moved to dismiss for the purpose of continuing the further investigation into the matter." Derr, 726 F.2d at 619. Ultimately the district court agreed with defendant and dismissed the second indictment, in effect altering the first dismissal to one with prejudice.
 
 
 18
 On appeal in Derr we affirmed the district court's judgment, holding:
 
 
 19
 "Unless the government could articulate a better reason for dismissal than this [need for more investigation], we think that the trial judge would have had to deny the motion considering that it was made over defendant's objection and on the day trial was scheduled to begin. Hence, remanding the case for a determination whether the government had valid reasons for dismissing the original indictment would be fruitless."
 
 
 20
 Id. at 619. See Welborn, 849 F.2d at 985 (if a defendant contests dismissal of first indictment and prosecution did not offer more than conclusory justification, the dismissal must be treated as with prejudice when the prosecution fails to offer sufficient justification for seeking dismissal when it reindicts).
 
 The Facts Before Us In This Appeal
 
 21
 The facts presented in Derr are somewhat similar to those in the case at bar. Here, Defendant Hutchinson was indicted, the indictment was dropped for no articulated reason, his attorney was not notified of the dismissal until two days prior to trial, the dismissal was treated by the trial court as granted over Defendant's objection, he was later reindicted on the exact same charge, and at the evidentiary hearing on Defendant's motion to dismiss the prosecutor argued that dismissal of the original indictment was justified because he wanted to conduct some additional investigation. A significant difference between the two cases is that in Derr reindictment was not for almost two and one-half years while in this case Defendant was reindicted within six months.
 
 
 22
 There is no contention in the appeal before us that the Defendant was prejudiced by the six-month delay. The proof in this case was uncomplicated, objective, and the issue narrow, as compared to Derr. Those factors, in our view, are sufficient to demonstrate that Derr is not applicable. The slow progress of the investigation here was not significant although it was unnecessary.
 
 Rule 48(a)
 
 23
 Rule 48(a) was designed to protect a defendant from harassment by a prosecutor's charging, dismissing, and recharging the defendant. Rule 48(a) also operates "to allow courts to consider public interest, fair administration of criminal justice and preservation of judicial integrity when evaluating motions to dismiss." United States v. Strayer, 846 F.2d 1262, 1265 (10th Cir.) (citations omitted). When a district court grants the prosecution's unsupported request for dismissal without prejudice, the government is in effect able to obtain a continuance without asking for one as such, and which it otherwise might not have been able to receive because of the time limit in defendant's right to a speedy trial.
 
 
 24
 The Government would have us affirm the district court's judgment based on our decision in Strayer in which we affirmed the trial court's holding that a second indictment should not be dismissed even though the prior one had been dismissed for no articulated reason. We there found that the facts in support of defendant's motion to dismiss were far less compelling than those in Derr. Strayer, 846 F.2d at 1266. The facts which compelled our affirmance in Strayer are not present in this case. In Strayer the government moved to dismiss before the defendant was arraigned; the defendant was reindicted about three months later. The second indictment included a new charge, the names of coconspirators and detailed allegations of overt acts. The government's articulated justification offered at the evidentiary hearing on the defendant's motion to dismiss was that the original indictment was faultily drafted because the defendant used aliases and coconspirators had not been named. These facts justified the district court's refusal to dismiss the second indictment in Strayer. There were no complicating facts as to the scope of the second indictment in the case before us. However, this is not a controlling factor. We apply the abuse of discretion standard of review and we cannot hold that the trial court abused its discretion.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3