# 2003 DTA 94

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL II**

BANCO POPULAR DE PUERTO RICO
Demandante-Apelado

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO; SECRETARIA DE JUSTICIA
Demandado-Apelante

Núm. KLAN-2002-00926

San Juan, Puerto Rico, a 22 de mayo de 2003

Panel especial integrado por su Presidenta, la Juez Rodríguez de Oronoz,
y las Juezas Peñagarícano Soler y Bajandas Vélez

Peñagarícano Soler, Jueza Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Comparece ante nos El Estado Libre Asociado (en adelante, E.L.A.) por conducto del Procurador General.

Acude en apelación de la sentencia emitida el 14 de mayo de 2002, notificada y archivada en autos el 11 de julio del año en curso, por el Tribunal de Primera Instancia (en adelante, T.P.I.), Sala Superior de San Juan, en el caso *Banco Popular de Puerto Rico v. E.L.A.,* civil núm. KAC2000-2651(507). En dicha sentencia se declaró inconstitucional la Sección 1, Artículo 2(C), de la Ley Número 32 de 14 de enero de 2000, 34 L.P.R.A. sec. 1723 (c). La referida Ley enmendaba la Ley Uniforme de Confiscaciones a los efectos de establecer que una absolución en un caso penal sobre los mismos hechos que producen la confiscación, no constituye impedimento colateral por sentencia en el caso civil de confiscación.

Contando con la comparecencia de las partes concernidas, examinados en su totalidad los documentos que obran en el expediente del caso de autos, y el derecho aplicable, resolvemos confirmar la Sentencia recurrida. Veamos.

## I

El 25 de abril de 2000, la Policía de Puerto Rico confiscó el vehículo objeto de esta controversia, un Mitsubishi Mirage, tablilla DIP-887. El 10 de mayo de 2000, la Junta de Confiscaciones notificó al Banco Popular de Puerto Rico (en adelante, el Banco) que el vehículo antes descrito fue confiscado por alegadamente haber sido utilizado en contra de la Ley de Sustancias Controladas y la Ley de Armas de Puerto Rico. Se cursó dicha notificación al Banco debido a que el automóvil fue adquirido por venta condicional y aún quedaba pendiente un balance de pago, por lo que tenía legitimación para intervenir en el procedimiento. ▉ El 19 de mayo de 2000, el Banco y Pan American Insurance Company (en adelante, Pan American) presentaron una demanda ante el Tribunal de Primera Instancia, impugnando la confiscación de dicho vehículo.

Por su parte, Pan American sustentaba su interés en el litigio en el hecho de que había expedido una póliza de seguro para el vehículo en cuestión, la cual podía verse afectada por la confiscación.

Luego de varios incidentes procesales, el 3 de agosto de 2001, el Banco y Pan American presentaron una moción escrita impugnando la constitucionalidad de la enmienda hecha a la Ley Uniforme de Confiscaciones de 1988 (en adelante, Ley de Confiscaciones). En particular. la Sección 1, Artículo 2(C), de la Ley Número 32 de 14 de enero de 2000, 34 L.P.R.A. sec. 1723 (c), que lee como sigue:

*"NATURALEZA DE LA ACCIÓN.- El resultado favorable al acusado o imputado en cualquiera de las etapas de la acción criminal no será impedimento para, ni tendrá efecto de cosa juzgada sobre, la acción civil de confiscación, aunque ésta se base en los hechos imputados en la acción penal."*

Arguyen que de declararse inconstitucional la enmienda hecha a la Ley de Confiscaciones, debía desestimarse la acción civil debido a que el sobreseimiento de los cargos criminales bajo la Regla 247 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247, constituia cosa juzgada en su modalidad de impedimento colateral con relación al procedimiento judicial sobre confiscación.

Como dijéramos, en el caso de autos, el T.P.I. dictó sentencia declarando inconstitucional el inciso 2(C) de la Ley Núm. 32 de 14 de enero de 2000, y ordenó la devolución de la fianza consignada a la parte demandante. La misma fue archivada en autos el 11 de julio de 2002.

Inconforme, el 2 de septiembre de 2002, el E.L.A. presentó la apelación de autos. En esta señala la comisión del siguiente error:

*"ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL DECLARAR INCONSTITUCIONAL EL ARTICULO 2(C) DE LA LEY DE CONFISCACIONES, SEGUN ENMENDADO POR LA LEY NUM. 32 DE 14 DE ENERO DE 2000, CUANDO DICHA DISPOSICION VALIDAMENTE CAMBIO EL ESTADO DE DERECHO EN PUERTO RICO EN LO REFERENTE A LA*

*APLICACION DE LA DOCTRINA DE IMPEDIMENTO COLATERAL POR SENTENCIA EN EL CONTENIDO DE LAS IMPLICACIONES DEL RESULTADO DE UNA ACCION PENAL SOBRE UNA ACCION DE CONFISCACION BASADA EN LOS MISMOS HECHOS."*

De entrada, es preciso señalar que, mientras se encontraba sometido el caso ante nuestra consideración, la Legislatura aprobó la Ley Núm. 18 del 1 de enero de 2003, la cual enmendó el Art. 2 de la Ley Núm. 32 de 14 de enero de 2000 a los efectos de eliminar su inciso (C), objeto de la controversia en el caso de marras.

En vista de los cambios en el estado de derecho, el 3 de febrero de 2003, ordenamos a las partes que se expresaran en cuanto al modo en que dicha ley incidía sobre la controversia de autos.

El E.L.A. compareció por Escrito de 13 de febrero de 2003. En éste arguyó que la Ley Núm. 18 del 1 de enero de 2003 no tenía ningún efecto sobre la controversia de marras. Ello porque, aún bajo la doctrina esbozada en los casos de *Carlo v. Secretario*, 107 D.P.R. 356 (1978); y *Del Toro Lugo v. E.L.A.*, 136 D.P.R. 973 (1994), el archivo de un caso al amparo de la Regla 247 de Procedimiento Criminal no constituye cosa juzgada sobre la causa de acción civil de confiscación.

Por su parte, Pan American y el Banco, por medio de su comparecencia presentada el 3 de marzo de 2003, refutan la contención del Estado. Afirman que el desistimiento voluntario por parte del E.L.A. de la acción criminal constituye cosa juzgada como impedimento para el procedimiento civil. Primordialmente sostiene que sería contrario a derecho que en un caso donde el Ministerio Público ha demostrado falta de interés en el procedimiento criminal, pueda, transcurridos tres (3) años desde el sobreseimiento de los cargos, continuar con el procedimiento civil de confiscación.

Ahora bien, nos corresponde determinar si el archivo y sobreseimiento de los cargos criminales que sirvieron de base para la confiscación de la propiedad en el caso de autos, constituyen impedimento colateral para el caso civil de confiscación.

Contando con la comparecencia de las partes, nos encontramos en posición de resolver. Así lo hacemos.

## II

Como cuestión de umbral, atenderemos lo referente a la aplicación de la Ley Núm. 18 de 1 de enero de 2003 a la controversia de autos, por ser su aprobación posterior a los hechos que dieron origen a la acción que nos ocupa. Veamos.

El Art. 3 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3, dispone que las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario. No obstante, *"[d]icho artículo [Art. 3] sólo tiene el alcance de una regla general de interpretación de estatutos. No es un principio rígido de aplicación absoluta...". Díaz v. Srio. de Hacienda*, 114 D.P.R. 865, 872 (1983), citando de *Warner Lambert Co. v. Tribunal Superior*, 101 D.P.R. 378, 384-386 (1973).

El Tribunal Supremo ha sostenido en numerosas ocasiones que la aplicación retroactiva de un estatuto, o bien su razonabilidad, ha de determinarse *"tomando en consideración la sustancialidad del interés público promovido por el mismo y la dimensión del menoscabo ocasionado por su aplicación retroactiva y que mientras más grave sea el mal social que el estatuto intenta remediar, más grande es el interés público envuelto, y, por tanto, mayor justificación para su aplicación retroactiva". Vélez v. Srio. de Justicia*, 115 D.P.R. 533, 542 (1984), citando de *Warner Lambert Co. v. Tribunal Superior, supra*, pág. 396.

En suma, no es necesario la disposición expresa en la ley para que el estatuto tenga efecto retroactivo, sino que, implícitamente, puede establecerse su retroactividad, ya sea por su referencia a situaciones pasadas o por

virtud de que su contenido revele que para su debida aplicación sea necesaria la retroactividad. *Vélez v. Srio. de Justicia, supra; Díaz v. Srio. de Hacienda, supra.*

Cuando una ley es derogada, deja de existir. García *Passalacqua v. Tribunal Electoral*, 105 D.P.R. 49, 59 (1976). La derogación destruye su efectividad *in futuro.* Excepto en cuanto a procedimientos pasados y terminados es considerada como si no hubiese existido. *Passalacqua v. Tribunal Electoral, supra; P.R. Ilustrado v. Buscaglia, Tes,* 64 D.P.R. 914 (1966); *Griffith v. Kentucky,* 479 U.S. 314, 93 L.Ed. 2d. 649, 107 S. Ct. 708 (1987). Véase además, Sutherland, *Statutes and Statutory Construction*, 6ta ed., 2002, Vol. 1, sec. 23, págs. 568-575.

El Art. 2(C) de la Ley Núm. 32 de 14 de enero de 2000, *supra*, creó una serie de dificultades y controversias en cuanto al modo en que los tribunales habían de disponer de los casos sobre impugnación de confiscación cuando el acusado había sido absuelto en los méritos, no se había determinado causa en la vista preliminar o se suprimía la evidencia en el caso criminal. Exposición de Motivos de la Ley Núm. 18 de 1 de enero de 2003. Por tanto, el fin primordial de la Ley era corregir las dilaciones y complicaciones que resultaron de la aplicación del inciso (C) del Art. 2 de la Ley de Confiscaciones, *supra*, para ajustarlo al ordenamiento jurídico vigente (*Del Toro Lugo v. E.L.A., supra, y Carlo v. Secretario, supra*) y al mandato constitucional. Exposición de Motivos de la Ley Núm. 18 de 1ro de enero de 2003.

Somos del criterio que la Ley Núm. 18 de 1 de enero de 2003, que enmendó la Ley de Confiscaciones, eliminando el inciso (C) del Art. 2 de la Ley, *supra*, sólo guarda sentido si aplica de forma retroactiva a los procedimientos vigentes al momento de su aprobación. Por otro lado, sería un contrasentido el que este Tribunal entrara a dilucidar la constitucionalidad de un estatuto que el legislador mismo ha optado por derogar.

De conformidad a lo expuesto anteriormente, y al estado de derecho vigente en nuestra jurisdicción, habremos de aplicar las normas doctrinales esbozadas en los casos de *Del Toro Lugo v. E.L.A., supra, y Carlo v. Secretario, supra.*

### III

El derecho a la adquisición y al disfrute de la propiedad privada es uno de los derechos más básicos sobre los que se ha erigido el sistema de derecho y asociación política contemporánea. Es indiscutible, la influencia que tuvo el filósofo John Locke sobre los forjadores de la Constitución de los Estados Unidos con su teoría de que el propósito del gobierno y la asociación política es la protección de la propiedad. En Estados Unidos se ha reconocido de forma reiterada que todo Estado tiene el poder de definir lo que es *"propiedad"* y lo que constituye límites a dicho derecho. Ello, predicado en el axioma de que toda propiedad, en cierto modo, es una criatura del Estado.

De modo semejante, los forjadores de la Constitución del Estado Libre Asociado de Puerto Rico incluyeron de forma específica en la Carta de Derechos el carácter fundamental del derecho que tiene todo ser humano al disfrute de la propiedad. Constitución del Estado Libre Asociado de Puerto Rico, Art. II, Sec. 7. Como corolario de este derecho, se le garantiza a cada persona que no será privada de su libertad o propiedad sin un debido proceso de ley. Constitución del Estado Libre Asociado de Puerto Rico, Art. II, Sec. 7. Además, dispone nuestra Constitución que *"[n]o se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y por acuerdo, con la forma provista por ley...".* Constitución del Estado Libre Asociado de Puerto Rico, Art. II, Sec. 9.

Sin embargo, a pesar de que la tenencia y disfrute de propiedad es una de las garantías básicas del sistema de derecho contemporáneo, no por ello el Estado se encuentra privado de intervenir con la misma en ocasiones que ello se justifique. Aun cuando la disposición constitucional reconoce el derecho de un ciudadano al disfrute pleno de su propiedad, ésta ha de ceder ante las necesidades de la comunidad. *Heftler International, Inc. v. J. de*

*P.,* 99 D.P.R. 467 (1970). Se ha reconocido no solamente el poder del Estado de obtener dicha propiedad por expropiación forzosa o reglamentación (poder de dominio eminente), sino que se ha sostenido la facultad del mismo de apoderarse de propiedad privada, sin necesidad de que medie justa compensación, cuando dicha propiedad ha sido utilizada en contravención de las leyes del país. A estos efectos, el Tribunal Supremo de Estados Unidos ha sostenido consistentemente que el ejercicio del poder de razón de estado para privar a un individuo de su propiedad por haber sido utilizado o ser el producto de actividad delictiva, está firmemente enraizado en el sistema de derecho federal, tanto en sus aspectos punitivos, como remediales. Igual interpretación y aplicación ha tenido en Puerto Rico. *Del Toro Lugo v. E.L.A., supra.* Véase, además, *Bennis v. Michigan,* 516 U.S. 442 (1996); *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663 (1974); Rotunda & Nowak, *Treatise on Constitutional Law: Substance and Procedure,* 3rd ed., Minnesota, West Group, 1999, Vol. 2, sec. 15.10, pág. 691.

En nuestra jurisdicción, la confiscación es el acto por virtud del cual el Ejecutivo ocupa e inviste para el Estado, por mandato de la Asamblea Legislativa, todo derecho de propiedad, bien mueble o inmueble, que haya sido utilizado o sea el producto de la  comisión de delitos graves y aquellos menos graves que por ley autoricen la confiscación, según tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas ilegales y explosivos, en las de juegos prohibidos, leyes de vehículos y tránsito, de embarcaciones y leyes contra el crimen organizado. Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723; *Del Toro Lugo v. E.L.A., supra.*

La acción civil de confiscación ha sido caracterizada  como una de naturaleza remedial. Se trata de una acción *in rem,* en cuanto se concibe en la ficción jurídica de que la cosa es culpable, o sea, se le imputa culpa al objeto por su participación en la comisión o facilitación del delito. *Del Toro Lugo v. E.L.A., supra,* pág. 982; *United States v. Ursery,* 518 U.S. 267 (1996); *Calero-Toledo v. Pearson Yacht Leasing Co., supra; United States v. One Assortment of 89 Firearms,* 465 U.S. 354 (1984).

En Puerto Rico, el procedimiento de confiscación va dirigido contra la cosa, una acción civil *in rem.* De modo tal, que aun siendo el propietario del vehículo inocente de toda conducta impropia, sus derechos corren la suerte del uso ilegal a que lo ha sometido el poseedor de la cosa, cuando el dueño le ha cedido la misma de forma voluntaria. *First Bank v. E.L.A.,* 156 D.P.R. __, **2002 J.T.S. 16**; *Del Toro Lugo v. E.L.A., supra; U.S. v. One Assortment of 89 Firearms,* 465 U.S. 354 (1984).

No obstante, se ha señalado que a pesar de la naturaleza civil de la acción de confiscación local, el procedimiento que se utiliza y las defensas permitidas reflejan su propósito disuasivo y, por tanto, punitivo. Ley Uniforme de Confiscaciones, *supra; Del Toro Lugo v. E.L.A., supra,* págs. 986-987*; Carlo v. Srio de Justicia,* 107 D.P.R. 356, 362-363 (1978).

En términos generales, las confiscaciones no son favorecidas por los tribunales, por lo que todo estatuto autorizando la confiscación de propiedad se interpretará de forma restrictiva en contra del Estado. *Del Toro Lugo v. E.L.A., supra.* De conformidad con lo anterior, la jurisprudencia ha reiterado que, al aplicar el principio de confiscación a la propiedad de un inocente, se *"ha seguido una ruta de cautelosa atenuación de severidad".* *Del Toro Lugo v. E.L.A., supra,* pág. 987; *Carlo v. Srio. de Justicia,* 107 D.P.R. 356, 361 (1978). Cada caso deberá atenderse de acuerdo a sus hechos particulares.

En suma, al no ser favorecidas por las cortes las confiscaciones, y al interpretarse restrictivamente los estatutos que las autorizan, tal interpretación debe resultar *"consistente con la justicia y los dictados de la razón natural".* *Del Toro Lugo v. E.L.A., supra,* pág. 987; *Carlo v. Srio de Justicia, supra,* pág. 363; *Pueblo v. González Cortés,* 95 D.P.R. 164, 168 (1967).

La prueba exigida para una confiscación civil es aquella prueba suficiente y preponderante de que indique

se haya cometido el delito y que existe un nexo entre la comisión del delito y la propiedad confiscada. *Del Toro Lugo v. E.L.A., supra*, pág. 983.

Como norma general, "*la absolución o desestimación de los cargos contra un imputado particular en el procedimiento criminal, no constituye impedimento contra el ejercicio de la acción civil de confiscación*". *Del Toro Lugo v. E.L.A., supra*, pág. 991.

No obstante, el Tribunal Supremo ha reconocido excepciones a la norma general. Lo anterior, a los efectos de salvaguardar los intereses del individuo ante lo que constituye un amplio y poderoso instrumento del Estado. De este modo, nuestro ordenamiento jurídico avaló la aplicación de la doctrina de impedimento colateral en aquellas acciones civiles de confiscación, que aun cuando la misma versa sobre un delito distinto, en el procedimiento criminal anterior se adjudicaron hechos necesariamente decisivos para el primero. *Del Toro Lugo v. E.L.A., supra; Carlo v. Srio de Justicia, supra.*

"*La absolución en los méritos adjudica con finalidad irrevisable el hecho central, tanto del caso criminal como el de confiscación, que el vehículo no se utilizó para transportar mercancía ilícita*". *Carlo v. Srio de Justicia, supra*, pág. 363. De esta manera se resaltó que, a pesar de la conveniencia que podría existir en la ficción jurídica que adjudica responsabilidad a la cosa misma, sería contrario a los elementos más básicos de la justicia el que, en caso de absolución del imputado de delito, se le prive de su propiedad cuando éste obtuvo su libertad. Con esto se persigue evitar la incongruencias entre el ordenamiento criminal y el civil. *Del Toro Lugo v. E.L.A., supra.*

Precisa destacar que la doctrina de impedimento colateral tiene su razón de ser en consideraciones de índole económica y procesal, al evitar litigios innecesarios y prevenir sentencias inconsistentes. *A & P Gen. Contractors v. Asoc. Caná*, 110 D.P.R. 753, 761 (1981).

De forma análoga, una determinación de no causa en vista preliminar ha sido fundamento para impedir la subsiguiente acción de confiscación. *Del Toro Lugo v. E.L.A., supra.* A pesar que la misma no constituye una adjudicación en los méritos, cuando la determinación de inexistencia de causa en vista preliminar adviene final y firme, por el Ministerio Público no solicitar la celebración de vista preliminar en alzada, no se sostiene la confiscación. *Del Toro Lugo v. E.L.A., supra.* En torno a este aspecto de la doctrina, nuestro Tribunal Supremo ha concluido:

"***El efecto de lo antes indicado es que la determinación de no causa final y firme de un imputado constituye una determinación judicial que deja a éste libre, independientemente de si es una determinación en los méritos o no lo es.***

*En resumen, al considerar la naturaleza de la vista preliminar y sus objetivos, debemos concluir que cuando no exista ni una **scintilla** de evidencia para la determinación de causa probable en la vista preliminar, en aquellas determinaciones en que esa determinación judicial **advenga final y firme**, tampoco podría sostenerse la confiscación de un vehículo relacionado con el delito imputado. El propósito punitivo, que también persigue la confiscación, nos impide resolver lo contrario. **El fundamento sobre el cual descansa la confiscación ha desaparecido al ser exonerado el imputado del delito que precisamente justificó la incautación del automóvil por parte del Estado.**" Del Toro Lugo v. E.L.A., supra*, págs. 992-993.

Ahora bien, la norma antes descrita fue desechada por el legislador mediante la aprobación de la Ley Núm. 32 del 14 de enero de 2000, la cual adicionó el inciso (C) al Art. 2 de la Ley de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723 *et seq.*

El Art. 2(C) de la Ley Núm. 32 del 14 de enero de 2000 disponía que el resultado favorable al acusado en

cualquiera de las etapas de la acción criminal, no sería impedimento para la acción civil de confiscación, aunque ésta se basara en los hechos imputados en la acción penal. Dicha norma presentó un sin número de dificultades de índole constitucional, por lo que parecía vulnerar el derecho del individuo de no ser juzgado dos veces por el mismo delito (doble exposición) y el derecho a no ser privado de su propiedad sin que medie el debido proceso de ley y previa justa compensación. Art. II, Secs. 7, 9 y 11 de la Constitución del Estado Libre Asociado, Tomo I de L.P.R.A.; Exposición de Motivos, Ley Núm. 18 del 1 de enero de 2003.

Habida cuenta de ello, y como señaláramos, se aprobó la Ley Núm. 18 del 1 de enero de 2003, por medio de la cual se derogó el inciso (C) del Art. 2 de la Ley de Confiscaciones, *supra*, según enmendada. En su Exposición de Motivos se declara que:

*"La enmienda del Artículo 2 creó controversia en cuanto a la forma y manera en que los tribunales deben disponer de los casos sobre impugnación de confiscación donde el acusado es absuelto en los méritos, no se determina causa en la vista preliminar o se suprime la evidencia en el caso criminal. Ese hecho ha dilatado y complicado más todas las confiscaciones en que el caso criminal se resuelve de manera favorable para el acusado."*

En vista de lo anterior, el estado de derecho actual en cuanto a la aplicación de la doctrina de cosa juzgada en su modalidad de impedimento colateral se revierte a lo dispuesto en los casos de *Del Toro Lugo v. E.L.A.*, *supra*; *Carlo v. Srio. de Justicia*, *supra*. De forma específica señalamos que la controversia ante nos lo es si el archivo de los cargos, bajo la Regla 247 de Procedimiento Criminal, que pesan sobre los poseedores del vehículo en el momento del arresto, constituyen cosa juzgada, en su modalidad de impedimento colateral en el procedimiento civil de confiscación.

## IV

Como es sabido, el Ministerio Público tiene *"la función de procesar a todos los delincuentes por los crímenes y delitos de que pueda conocer, bajo la autoridad y en representación del Estado Libre Asociado de Puerto Rico"*. *Pueblo v. Quiñones, Rivera*, 133 D.P.R. 332, 338 (1997). Sin embargo, dicha obligación se ve sometida al deber inexorable del Estado con la consecución de la justicia y esclarecimiento de la verdad. *Pueblo v. Delgado López*, 106 D.P.R. 441 (1977); *Pueblo v. Hernández García*, 102 D.P.R. 506 (1974). Véase, además, Olga Elena Resumil de Sanfilippo, *Práctica Jurídica de Puerto Rico: Derecho Procesal Penal*, New Hampshire, Equity, 1990, Tomo I, pág. 91.

El deber del fiscal de procesar a los violadores de la ley, le concede un margen de discreción en aras de obtener dicho fin. Resumil de Sanfilippo, Obra citada, pág. 91. Por ello se le faculta a entrar en negociaciones con la defensa con la intención de llegar a alegaciones preacordadas de culpabilidad. Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 72; *Pueblo v. Quiñones, Rivera, supra*. Está autorizado, además, a no continuar con el procedimiento penal, aun cuando ha obtenido la autorización judicial para radicar. Regla 24(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 24(b); Resumil de Sanfilippo, Obra citada, pág. 93. Asimismo, podrá solicitar el sobreseimiento del caso según lo dispuesto en la Regla 247 de Procedimiento Criminal, 34 L. P.R.A. Ap. II, R. 247.

La Regla 247 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247, enumera las formas en que ha de suscitarse el sobreseimiento de una denuncia. Dicha regla dispone:

*"(a) **Por el Secretario de Justicia o fiscal.** El Secretario de Justicia o el fiscal podrán, previa aprobación del tribunal, sobreseer una acusación con respecto a todos o algunos de los acusados, y el proceso contra dichos acusados quedará terminado. Excepto según se dispone en el inciso (c) de esta regla, dicho sobreseimiento no podrá solicitarse durante el juicio, sin el consentimiento de dichos acusados.*

*(b) Por el tribunal; orden. Cuando ello sea conveniente para los fines de la justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en el orden que al efecto se dictare, la cual se unirá al expediente del proceso.*

*(c) Exclusión de acusado para prestar testimonio. En un proceso contra dos o más personas, el tribunal podrá en cualquier momento después del comienzo del juicio, pero antes que los acusados hubieren comenzado su defensa, ordenar que se excluya del proceso a cualquier acusado, de modo que pueda servir de testigo de El Pueblo de Puerto Rico. Cuando se hubiere incluido a dos o más personas en la misma acusación y el tribunal fuere de opinión que no existen pruebas suficientes contra uno de los acusados, deberá decretar que se le excluya del proceso, antes de terminarse el período de la prueba, de modo que pueda servir a su compañero.*

*(d) Efectos. El sobreseimiento decretado de acuerdo con esta regla impedirá un nuevo proceso por los mismos hechos."*

La Regla 247(a) le permite al fiscal y(o) al Secretario(a) de Justicia, sujeto a intervención judicial, solicitar el sobreseimiento del caso. Señala el Prof. Chiesa Aponte que el inciso (a) de la Regla 247 proviene de la Regla 48(a) de las Federales de Procedimiento Criminal. ■ Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Forum, 1993, Vol. 3, sec. 26.4, pág. 265. Dicha regla tiene su génesis en la doctrina de *nolle prosequi* del derecho común anglosajón. Charles Alan Wright, *Federal Practice and Procedure*, Minnesota, West Publishing, Vol. 3A, sec. 811, págs. 193-196. No obstante, el requisito de intervención judicial para la autorización es de reciente adopción. *United States v. Garcia Valenzuela*, 232 F.3d 1003 (9th Cir., 2000); Wright, Obra citada, sec. 812, págs. 197-200.

La jurisprudencia federal interpretativa del estatuto coincide en que como norma general el sobreseimiento bajo esta disposición ha de ser sin perjuicio. Sin embargo, el legislador puertorriqueño aparenta no adoptar dicho resultado, por lo que en estricto derecho, el inciso (d) de la Regla 247 ordena que el mismo sea uno con perjuicio. *Pueblo v. Monge Sánchez*, 122 D.P.R. 590 (1988). ■

El propósito en la Regla 247(a), al imponer el requisito de aprobación del tribunal para que se de por sobreseído el caso, pretende evitar, en primer lugar, el abuso por parte de un fiscal quien indiscriminadamente desiste de la acusación, sólo para nuevamente comenzar el procedimiento; propone evitar que el imputado sea hostigado por el Estado. *Rinaldi v. United States*, 434 U.S. 22, 98 S.Ct. 81 (1977, *Per Curiam*); *U.S. v. García Valenzuela, supra; U.S. v. Hutchinson*, 2 F.3d 1161 (10th Cir., 1993); *U.S. v. Welborn*, 849 F.2d 980 (5th Cir., 1988); *U.S. v. Strayer*, 846 F.2d 1262 (10th Cir., 1988). En segundo lugar, este requisito va dirigido a permitir a los tribunales considerar los intereses públicos, entre los cuales se incluye la íntegra administración de la justicia criminal y la preservación de la integridad judicial al evaluar la solicitud para sobreseer la acusación. *U. S. v. Hutchinson, supra; U.S. v. Strayer, supra.*

Como expresáramos anteriormente, la controversia de autos gira en torno a la aplicación de la doctrina esbozada en *Carlo v. Secretario de Justicia, supra, y Del Toro Lugo v. E.L.A., supra*, en aquellos casos donde la acusación o denuncia, que fuera la base de la confiscación, fue archivada bajo la Regla 247 de Procedimiento Criminal.

## V

En el caso de autos, se le imputaron a unos terceros, poseedores del vehículo, cargos bajo la Ley de Sustancias Controladas, y bajo la Ley de Armas de Puerto Rico. No se cuestiona en ningún momento que el titular del vehículo puso a dichas partes en posesión del automóvil. Sin embargo, tanto el Banco, como la aseguradora, Pan American, cuestionan la validez de un procedimiento contra el objeto involucrado en una alegada transacción delictiva, habiendo sido archivado el caso criminal por falta de interés del Ministerio

Público para proseguir con el mismo. ▮

La doctrina de cosa juzgada, en su modalidad de impedimento colateral, exige la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. Artículo 1204 del Código Civil, 31 L.P.R.A. sección 3343.

Se ha definido el alcance de la doctrina de impedimento colateral en términos de que una sentencia anterior es concluyente solamente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron. Por el contrario, no es concluyente en cuanto a aquellas materias que pudieron ser, pero no fueron litigadas y adjudicadas en la acción anterior. *Millán v. Caribe Motors Corp.*, 83 D. P.R. 494, 506-507 (1961).

No obstante, como dijéramos, el Tribunal Supremo de Puerto Rico sostuvo en el caso de *Del Toro Lugo v. E.L.A., supra*, que la determinación de no causa en una vista preliminar constituia, en ciertas situaciones, impedimento contra el ejercicio de la acción civil de confiscación, a pesar de que la misma no constituye una adjudicación en los méritos del hecho fundamental de la comisión del delito.

La jurisprudencia del Tribunal Supremo sobre la vista preliminar, ha establecido que el objeto central de la vista no es la adjudicación en los méritos en cuanto a la culpabilidad o inocencia del imputado, sino que va dirigida a justificar la intervención del Estado con el individuo. Para ello se exige prueba suficiente que permita establecer la comisión de un delito, o sea, prueba sobre cada uno de los elementos constitutivos del delito, y la probabilidad de que el imputado lo cometió (**scintilla de evidencia**). Regla 23 (c) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. Aponte,* 116 D.P.R. 653 (1985).

Asimismo, le ha exigido al Ministerio Público que la potestad que posee bajo la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, de recurrir en alzada de una determinación de no causa en vista preliminar, se realice dentro de un término de sesenta (60) días. *Pueblo v. Félix Avilés,* 128 D.P.R. 468 (1991); *Pueblo v. Vélez Castro,* 105 D.P.R. 246 (1976). Cuando en la vista preliminar se determina que no existe causa probable para acusar por delito alguno, el imputado queda exonerado y el tribunal pierde jurisdicción. Para que retenga autoridad sobre el imputado para la celebración de la vista en alzada, será necesaria una nueva citación. *Pueblo v. Quiñones, Rivera,* 133 D.P.R. 332 (1997); *Pueblo v. Félix Avilés, supra.* Razón por la cual, transcurridos los sesenta (60) días para recurrir de la determinación de no causa en vista preliminar, se considerará que esa determinación que ha exonerado al imputado ha advenido final y firme. *Del Toro Lugo v. E. L.A., supra*, pág. 992.

La situación que nos compete no es, ni puede ser, distinta a lo dispuesto en *Del Toro Lugo v. E.L.A., supra.*

Es innegable la autoridad que posee un fiscal para determinar la forma en que ha de llevar a cabo un procedimiento criminal, a quién acusar y por qué delito, el desistir del caso, etc. Sin embargo, no es menos cierto que el mismo no posee una discreción absoluta, puesto que se encuentra limitado por los intereses sociales que permean en todo sistema democrático de gobierno, de una sana administración de la justicia y del deber constitucional del Estado de poner en vigor las leyes del país.

Dichos principios quedan evidenciados en la Regla 247, *supra*, que exige la autorización del tribunal para que un procedimiento criminal sea sobreseído, incluso antes de que se de por comenzado el proceso de vista preliminar y/o juicio.

Del análisis de los hechos de autos, destaca que el titular del vehículo no estuvo implicado en la actividad delictiva por la que se confiscó el vehículo el 25 de abril de 2000. A instancia del Ministerio Público, las acusaciones a los poseedores del vehículo por violación a la Ley de Sustancias Controladas y Ley de Armas

fueron sobreseídas.

Independientemente de los motivos que indujeron la solicitud de sobreseimiento de los cargos hecha por el Ministerio Público, la realidad es que, para todos los efectos, los imputados no fueron procesados más allá de lo dispuesto en la Regla 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap.II.

Por todo lo cual, en ausencia de prueba suficiente que justifique la continuación del proceso penal, la exoneración del imputado por el sobreseimiento de los cargos en su contra, constituye cosa juzgada en su modalidad de impedimento colateral en el procedimiento de confiscación.

## VI

Por las razones expuestas en la opinión que antecede, confirmamos la sentencia del Tribunal de Primera Instancia emitida el 14 de mayo de 2002.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 94

**1.** El titular del vehículo, según consta en la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas, no es imputado de delito alguno relacionado con los hechos que dieron base a la confiscación aquí en controversia.

**2.** *"The Attorney General or the United States Attorney may by leave of the Court file a dismissal of an indictment, information or complaint and the prosecution shall there upon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."*

**3.** El Prof. Chiesa ha señalado las incongruencias existentes en el propósito de la Regla 247, sus incisos (a), (b) y (c). Sostiene que los incisos (a) y (b) provienen de fuentes distintas a las del inciso(c) de la regla y que tienen un propósito distinto. En cuanto a la Regla 247(a) dice:

*"[N]o tendría sentido alguno que el Ministerio Fiscal sólo pudiera solicitar el archivo de un caso cuando es con impedimento para un nuevo proceso. Si el juicio ha comenzado, lo que acarrea que se active la protección constitucional contra la doble exposición, el acusado tiene que consentir al archivo o desestimación solicitado por el Pueblo... Por las anteriores consideraciones, no tiene sentido alguno aplicar el apartado (d) de la Regla 247 (impedimento para un nuevo proceso) a la desestimación o sobreseimiento bajo la Regla 247(a)."*

**4.** Véase, Moción en Cumplimiento de Orden, recurso de la parte demandante-apelada del 3 de marzo del 2003.